http://www.va.gov/vetapp16/Files2/1617295.txt

Citation Nr: 1617295 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 11-14 185 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUE

Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD).

REPRESENTATION

Veteran represented by: The American Legion

WITNESS AT HEARING ON APPEAL

The Veteran

ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel

INTRODUCTION

The Veteran had active duty service from December 1977 to January 1998.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

In February 2015, the Veteran testified at a hearing before the undersigned Veterans Law Judge. The hearing transcript have been associated with the record.

The Board remanded the instant matter in April 2015.

In December 2015, the Veteran submitted a properly completed Appointment of Veterans Service Organization as Claimant's Representative (VA Form 21-22) appointing the American Legion as his representative. The Board recognizes this change in representation.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system.

The issue of entitlement to service connection for prostate cancer was raised in an Application for Disability Compensation and Related Compensation Benefits (VA Form 21-526EZ) submitted in February 2016. This issue has not been adjudicated by the agency of original jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015); see 79 Fed. Reg. 57,660 (Sept. 24, 2014) (codified in 38 C.F.R. Parts 3, 19, and 20 (2015)).

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.

REMAND

Unfortunately, the Board finds that further AOJ action on the claim on appeal is warranted, even though such will, regrettably, further delay an appellate decision on this matter. In addition, where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

With regards to the claim for service connection for an acquired psychiatric disorder, the Veteran has alleged that it was the result of his service. A February 2013 VA examiner found that the Veteran did not meet the criteria for a PTSD diagnosis and diagnosed him with nightmare disorder and panic disorder without agoraphobia. The examiner also opined that these diagnoses were not related to service as they first manifested after service. However, the examiner did not review the Veteran's civilian records, noted that there were no VA mental health records to review and did not provide a rationale. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 301 (2008); see also Stefl v. Nicholson 21 Vet. App. 120, 124 (2007) (holding that a medical opinion must support its conclusion with an analysis that the Board can consider and weigh against contrary opinions). The claim was therefore remanded by the Board in April 2015 to obtain an addendum opinion.

Such an opinion was obtained in August 2015. The examiner determined that the Veteran did not meet the diagnostic criteria for PTSD and provided a detailed explanation. In addition, the examiner opined that the Veteran's unspecified anxiety disorder was less likely than not etiologically related to his service. However, no rationale was provided for this opinion. See Id. Moreover, this examiner did not offer an etiology opinion as to the previously diagnosed nightmare disorder and panic disorder without agoraphobia. In light of this deficiency, further addendum opinion should be obtained on remand.

Finally, due to the length of time that will elapse on remand, updated VA treatment records should be associated with the record.

Accordingly, the case is REMANDED for the following action:

1. Obtain VA treatment records dated after August 2015. All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e). 

2. Return the claims file, to include a copy of this remand, to the August 2015 VA examiner for an addendum opinion. If the examiner who drafted the August 2015 opinion is unavailable, the opinion should be rendered by another appropriate medical professional. The need for another examination is left to the discretion of the medical professional offering the addendum opinion.

The examiner is asked to furnish an opinion with respect to the following questions:

(a) For each diagnosed acquired psychiatric disorder other than PTSD, the examiner should offer an opinion as to whether it is at least as likely as not (50 percent or greater probability) that such disorder had its onset during, or is otherwise related to, the Veteran's military service. The Board notes that the Veteran has been diagnosed with nightmare disorder and panic disorder without agoraphobia by the February 2013 VA examiner and with an unspecified anxiety disorder by the August 2015 VA examiner.

(b) The examiner should also offer an opinion as to whether the Veteran manifested a psychosis (defined as a brief psychotic disorder; delusional disorder; psychotic disorder due to another medical condition; other specified schizophrenia spectrum and other psychiatric disorder; schizoaffective disorder; schizophrenia; schizophreniform disorder; shared psychotic disorder; and substance/ medication-induced psychotic disorder) within one year of his service discharge and, if so, to describe the manifestations.

In answering the question posed above, the examiner is advised that the Veteran is competent to report injuries and symptoms, and that his reports must be considered in formulating the requested opinion. If the Veteran's reports are discounted, the examiner should provide a rationale for doing so.

A complete rationale should be given for each opinion expressed. In this regard, a discussion of the facts and medical principles involved would be considerable assistance to the Board.

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.
The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).